LUMAN BARTLETT & another *vs.* JOSEPH D. DECREET.

In an action brought against the assignee of an insolvent debtor by one claiming under a conveyance alleged to be void as a preference made by the debtor within six months of the commencement of the proceedings in insolvency, the record of the proceedings is admissible in evidence for the defendant, for the purpose of proving the time of the commencement of proceedings.

Evidence that an insolvent debtor was in good reputation for property in the town where he transacted business is admissible for the purpose of showing that a preferred creditor had not reasonable cause to believe him insolvent. But a witness, though well acquainted with the debtor's business, cannot be asked whether, from his knowledge of the debtor, his business was or was not profitable.

In an action of tort for the conversion by the assignee of an insolvent debtor, of property claimed by the plaintiff under a conveyance from the debtor, if the jury find the conveyance void as a preference made in payment of a preëxisting debt, the plaintiff cannot recover cash paid by him to the debtor for the difference in value between such property and the debt which the conveyance was made to secure.

ACTION OF TORT for the conversion of certain machinery sold to the plaintiffs by George C. Boyington. The defendant claimed title as assignee of Boyington under proceedings in insolvency commenced within six months after said sale; and alleged that the sale was void because made when Boyington was insolvent, to secure a preëxisting debt to the plaintiffs, when one or both of them had reasonable cause to believe him insolvent.

At the trial in the court of common pleas, before *Mellen,* C. J., the defendant, to prove the date of the commencement of the proceedings in insolvency, offered in evidence the record of said proceedings, including the application, warrant, return of the messenger, and list of debts proved and allowed before the commissioner. It appeared in evidence that Boyington never attended any meeting of his creditors, except the first, nor took any of the oaths required by the insolvent law. The plaintiff objected to the admission of the record, and of each one of the papers included in it. But the judge overruled the objection, and admitted the evidence.

The defendant gave in evidence certain writs of attachment against Boyington, sued out a few days before the sale to the plaintiffs, for the single purpose of showing the dates of the

writs. Boyington lived in Holyoke, but spent most of his time in New York. Ewing, a resident of Holyoke, being called as a witness for the plaintiffs, testified that he was well acquainted with the business and business men of that place, and especially with Boyington's business; and it appeared that, a few months before the sale to the plaintiffs, Ewing made a personal examination of Boyington's business and books of account, and made inquiries of Boyington himself and his agent in New York, with a view to making advances to Boyington, and satisfied himself that Boyington was doing a profitable business.

The plaintiffs proposed to Ewing this question : " From your knowledge of Boyington's business, was it or not a profitable business ? " The witness answered that he did not know. The plaintiffs then inquired, " From your knowledge of Boyington, obtained from inquiry or examination, was or not his business profitable ? " The judge ruled that this question was inadmissible. The plaintiffs then inquired, " From your personal examination into his business, was the business Boyington was carrying on profitable, or not ? " This question, though objected to by the defendant, the witness was permitted to answer, and he answered, that from his own personal examination, from the hands employed, and from Boyington's industry, there was conclusive evidence that his business was profitable ; and that he saw nothing till after the time of the sale to the plaintiffs, to change his opinion.

The plaintiffs then inquired, " Whether Boyington was in good reputation for property up to the time of the attachments ? " But the judge ruled that this was inadmissible.

There was evidence tending to show that, when the sale was made to the plaintiffs, the machinery sold exceeded in value Boyington's debt to them by twenty dollars, and that the plaintiffs paid Boyington the excess in cash, as part of the transaction. The plaintiffs contended that, if the jury should find the sale void for the reasons relied on by the defendant, they would still be entitled to recover in this action the amount so paid. But the judge ruled otherwise, and instructed the jury that, if the sale was void as against the insolvent laws, their verdict must

be for the defendant. The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*C. P. Huntington,* for the plaintiffs.

*E. W. Bond,* for the defendant.

METCALF, J. The court are of opinion that the witness Ewing should have been permitted to answer the interrogatory, " whether Boyington was in good reputation for property up to the time of the attachments." In *Lee* v. *Kilburn,* 3 Gray, 594, it was held that testimony was admissible to show that the debtor was reputed to be insolvent, for the purpose of proving that his preferred creditor had reasonable cause to believe him so. It follows that testimony is admissible that a debtor was in good reputation for property, for the purpose of showing that a preferred creditor had not reasonable cause to believe him insolvent. The testimony in both cases is admissible on one and the same ground; namely, that men's belief, as to matters of which they have not personal knowledge, is reasonably supposed to be affected by the opinions of others who are about them. Such testimony may be of very little weight; but it is to be weighed by the jury. The court decide only on its competency.

We find no legal ground for sustaining either of the other exceptions alleged by the plaintiffs. The records of the proceedings in insolvency were rightly received in evidence for the purpose for which they were offered.

And it was rightly ruled that Ewing could not be allowed to testify, "from his knowledge of Boyington," whether Boyington's business was or was not profitable. The form of the interrogatory was such, that the witness was to give an answer founded on his knowledge of the man, and not on his knowledge of the man's business.

This being an action of tort for the conversion of machinery, the plaintiffs could not, upon any state of facts, recover the twenty dollars, which they paid to Boyington, beyond the value of the machinery.

A new trial is granted, solely because testimony as to Boyington's reputation for property was excluded.